# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHAD KAPOLKA AND BRETT )
TURRENTINE, Individually and on behalf )
of all Others Similarly Situated, ) 2:18-cv-01007-NR
)
)
Plaintiffs, )
)
vs. )
)
ANCHOR DRILLING FLUIDS, USA, LLC )
and Q'MAX AMERICA, INC. )
)
Defendants. )

## MEMORANDUM ORDER

Currently before the Court is Plaintiffs' "Unopposed Motion to Approve Confidential Collective Action Settlement." [ECF 46]. In their motion, Plaintiffs request that the Court approve a settlement agreement resolving their claims under the Fair Labor Standards Act ("FLSA"). [ECF 46]. As the parties recognize, because of the strong public interest in the rights guaranteed by the FLSA, such claims may not be settled except through a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c) or, as Plaintiffs seek to do here, by obtaining approval from a federal district court pursuant to 29 U.S.C. § 216(c).

Before reassignment of this case,[1] Judge Peter J. Phipps granted the parties' joint motion requesting leave to file the petition for approval and proposed settlement agreement under seal. [ECF 44; ECF 45]. The parties' stated basis for filing under seal was to "comply with the terms of their agreement," which includes a provision requiring "that the terms of the settlement shall remain confidential." [ECF 44]. Upon review, however, the Court is concerned that it may be unable to approve this confidential settlement agreement because of the "strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view." Cuttic v. Crozer–Chester Med. Ctr., 868 F. Supp. 2d 464, 467 (E. D. Pa. 2012).

The presence of a "confidentiality clause" is "a common basis for a court's rejection of a proposed [FLSA settlement] agreement." Kraus v. PA Fit II, LLC, 155 F. Supp. 3d 516, 532 (E.D. Pa. 2016). Indeed, given the public-private character of FLSA employee rights, "[n]umerous courts have been asked to consider and approve the terms of an FLSA settlement agreement and the vast majority of those courts have found that the agreement should not be sealed." Mesta v. Citizens Bank, N.A., No. CIV.A. 14-703, 2015 WL 4039358, at *2 (W.D. Pa. 2015); see also Weismantle v. Jali, No. 2:13-CV-01087, 2015 WL 1866190, at *2 (W.D. Pa. 2015) (collecting cases and concluding that "[w]hat can be gleaned from this prevailing, if not

---

[1] The case was reassigned to this Court on August 6, 2019 by order of Chief United States District Judge Mark R. Hornak. [ECF 48].

overwhelming, caselaw trend is that, absent something very special in a very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view, if the parties want the Court to approve the substance of an FLSA settlement agreement, it cannot be filed under seal."); Vargas v. Gen. Nutrition Centers, Inc., No. 2:10-CV-867, 2015 WL 4155449, at *1 (W.D. Pa. 2015) ("The parties in this case have apparently cast aside that body of law and have instead filed a joint motion to file their settlement agreement and release under seal, citing their mutual understanding that those documents 'should be deemed confidential.' A stipulation to seal will not, however, overcome the strong presumption."); Adams v. Bayview Asset Mgmt., LLC, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) ("Public access to judicial records is particularly appropriate in the context of the FLSA. … 'Therefore, there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view.'"); Howard v. Philadelphia Hous. Auth., 197 F. Supp. 3d 773, 779 (E.D. Pa. 2016) ("[T]he proposed Settlement does not contain a confidentiality clause, which courts have recognized as antagonistic to the FLSA's purposes.").[2]

In light of the above, the Court's inclination is to reject the parties' proposed settlement agreement on the basis of its confidentiality clause, absent "something very special in [this] very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view." Weismantle, No. 2:13-CV-01087, 2015 WL 1866190, at *2. Nevertheless, the Court recognizes that the parties properly obtained leave to file their proposed agreement under seal before a different judge and have not had an opportunity to fully brief the confidentiality issue. Accordingly, the Court will provide the parties with an opportunity to file supplemental briefing addressing the Court's concern or, alternatively, to withdraw the currently pending motion and either (1) re-file a new motion and revised settlement agreement that does not contain a confidentiality clause on the public docket, or; (2) file a written report advising the Court of their position with respect to settlement in light of this order.

---

[2] *See also* Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1245-46 (M. D. Fla. 2010) ("Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement in camera, or reviewing the agreement at a hearing without the agreement's appearing in the record ... thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace. … Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal."); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M. D. Ala. 2003) ("[T]he sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'"); Cantu v. Milberger Landscaping, Inc., 2014 WL 1778892 (W. D. Tex. 2014); Alewel v. Dex One Serv., Inc., 2013 WL 6858504 (D. Kan. 2014); Luo v. Zynga, Inc., 2013 WL 5814763 (N. D. Cal. 2013); Brown v. Trueblue, Inc., 2013 WL 5408575 (M.D. Pa. 2013); Martinez v. Hilton Hotels Corp., 2013 WL 4427917 (S.D.N.Y. 2013); Owino v. IBM Corp., 2013 WL 2947146 (M.D. N.C. 2013); Hargrove v. Ryla Teleservices, Inc., 2013 WL 1897027 (E.D. Va. 2013); Parrish v. Defender Sec. Co., 2013 WL 372940 (N. D. Tex. 2013); Brumley v. Camin Cargo Control, Inc., 2012 WL 300583 (D. N.J. Feb.1, 2012); Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643 (S.D.N.Y.2011); *but see* Morris v. Cumberland Cnty. Hosp. Sys., 2013 WL 6116861 (E.D.N.C. 2013) (allowing limited redactions based on record of "legitimate concerns about competitive harm").

A corresponding order follows.

**AND NOW,** this 3rd day of September, 2019, it is **ORDERED** that the parties do **ONE** of the following on or before **September 17, 2019:**

(1) Submit a supplemental brief, not to exceed **10 pages**, explaining why the Court should not reject the proposed confidential settlement [ECF 46] for the reasons discussed above. The parties may file separate briefs, each not to exceed 10 pages, or elect to file one brief jointly. The parties are encouraged to meet and confer with respect to their filing(s) in an effort to file a joint brief.

**OR, ALTERNATIVELY:**

(2) Withdraw the currently pending sealed motion and file either (i) a new motion on the public docket, attaching a revised version of the settlement agreement that does not contain a confidentiality clause, or; (ii) a written report advising the Court as to the parties' position with respect to settlement in light of this order.

The Court will reserve final ruling on Plaintiffs' sealed motion for approval [ECF 46] until it has received submissions from the parties in accordance with this order.

BY THE COURT:


/s/ *J. Nicholas Ranjan*
United States District Judge